Thomas agt. Clark and Rogers.

## SUPREME COURT.

### THOMAS agt. CLARK AND ROGERS.

Costs given under section 315 of the Code upon motions, the amount of which it is necessary to insert in the order, applies only to collateral motions, such as a motion to vacate or set aside some proceeding, or for relief of some kind, and which are not in the direct and regular progress of the suit, and which are always in the discretion of the court.

It is never necessary to specify the amount of such costs in the orders upon motions which are made in the regular progress of the suit, such as motions in the nature of judgment as in case of non suit, non pros, for a commission, or to change the venue, &c. In these the *statute* gives the costs, not the court. Except that in cases where these motions may be denied for some defect of papers or irregularity, then the costs of denial are to be inserted in the order.

*Ontario Circuit and Special Term, Nov.* 1850. Judgment as in case of non suit, for not proceeding to trial at the last Wayne circuit, being ordered, the defendants' counsel asks to have the costs of the motion liquidated and inserted in the order; in other words that the motion be granted with costs. The suit was pending before the first day of July 1848.

M. H. SIBLEY, *for the Defendants.*
MR. McKENZIE, *for Plaintiff.*

Thomas agt. Clark and Rogers.

WELLES, Justice.—It is contended on the part of the defend-
ants that the costs of this motion should be given now and the
amount inserted in the order; and it is argued that unless it be
done there is no way by which the defendants can obtain them,
and that they can not be hereafter taxed with the general costs
of the defence unless they are first ordered by the court to be paid
and the amount liquidated under section 315 of the Code, which
is made applicable to existing suits. It is supposed that the case
of Doty vs. Brown (4 *How. Pr. R.*), decides the question. The
question in that case was what costs the respondent was entitled
to; that is, under what law he should recover them; whether
under title 10 of the Code, or under the law in force before the
first code took effect as a law; and Justice MASON held that it
was under the latter. The learned justice in the case referred to,
remarks that section 315 is the only one in title 10 which is
made applicable to existing suits, and concludes very properly
that the only law by which the respondent could recover his
general costs, was that in force when the first code took effect,
inasmuch as the suit was pending at that time. The particular
question now raised does not appear to have been before the
court in the case cited. My opinion is that section 315 was not
intended and does not apply to motions of this description. That
it was designed to provide for cases of collateral motions, such as
a motion to vacate or set aside some proceeding, or for relief of
some kind, and which were not in the direct and regular progress
of the suit; and moreover the costs of which if granted, were
collectable, formerly by attachment and now by process in the
nature of *a fieri facias*, and without regard to the ultimate de-
termination of the suit (Buzard vs. Gross, 4 *How. Pr. R.*, 23).

The practice of settling the amount of costs which a party
should recover on motion by the court and inserting such amount
in the order commenced with the statute of 1840 (*Sess. Laws of
1840, ch.* 386, § 15), which required the justices of the Supreme
Court by general rule or order to regulate the amount to be
allowed upon granting or denying special motions. The late
Supreme Court in pursuance of that statute adopted a general

Thomas agt. Clark and Rogers.

rule by which on special motions upon notice, when costs were allowed to the moving party, the whole amount of such costs should be ten dollars, and to the opposing party, where costs were allowed seven dollars; and in peculiar and important cases the costs allowed to either party might be increased to a sum not exceeding twenty dollars (see *Rule* 100 of the general rules of the Supreme Court of May 1845). The rule of allowance under the statute was changed by rule 93 of the rules adopted by this court in July 1847. By the Code of 1848, § 270, no costs were allowed on a motion except for resisting in the discretion of the court not exceeding ten dollars. Lastly came the Code of 1849, § 315, which provided that costs might be allowed on motions in the discretion of the court, not exceeding ten dollars. In all these cases where costs were to be allowed in a gross sum to be inserted in the rule, they were always in the discretion of the court, and might be allowed or refused; and if allowed, might be collected forthwith without waiting the determination of the suit; and never were considered any portion of the general costs to be taxed in favor of the prevailing party at the close of the suit. I have never understood any of the regulations by statute or general rule as having any relation to those motions which are in the regular prosecution or defence of the suit, such as motions for commissions, to change the venue, for judgment as in case of non suit and the like, unless where they were denied with costs, as was sometimes the case where the moving party was irregular or moved on defective papers.

My opinion is that it is not necessary or proper to have the costs of this motion liquidated now, or that the rule should say any thing about costs. The defendants have judgment as in case of non suit; and the law, not the court, gives them the costs. The statute of 1840, above cited, shows what items are recoverable as costs of the motion, which go into the general bill and are there to be taxed.